IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MELVIN JAMES JACKSON,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV508-011

DON JACKSON, Warden;
Dr. CHARLES HARDEN, and
JUDY L. EDGY,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement.[1] Plaintiff filed a Motion for Summary Judgment. Defendants filed a Response and a Cross-Motion for Summary Judgment, to which Plaintiff filed a Response. For the reasons which follow, Plaintiff's Motion should be **DENIED**, and Defendants' Cross-Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants Jackson, Harden, and Edgy were deliberately indifferent to his serious medical needs. Plaintiff contends that he had a hernia that caused him to suffer from severe pain, blood in his urine, and weight loss. Plaintiff

---

[1] The undersigned recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(g), and the Honorable William T. Moore, Jr., adopted this recommendation as the opinion of the Court. The Eleventh Circuit Court of Appeals disagreed, concluding that Plaintiff "sufficiently demonstrated that he was in imminent danger of serious physical injury when he filed suit." (Doc. No. 85, p. 4). Accordingly, Plaintiff's Complaint was remanded to this Court, and, upon frivolity review, the undersigned ordered service of Plaintiff's Complaint based on his allegations that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (Doc. No. 35).

AO 72A
(Rev. 8/82)

further contends that, without surgery, he will continue to suffer from those injuries and may face tissue death, gangrene, and internal bleeding. Plaintiff asserts that Defendant Edgy said that she would not recommend him for surgery until the hernia became strangulated and only prescribed him ibuprofen for his pain. Plaintiff further asserts that he saw Defendant Harden, who said that any surgery would have to be approved, and he has not heard from Defendant Harden since that time. Plaintiff contends that Defendant Jackson did not respond after he was informed of Plaintiff's serious medical needs. (Doc. No. 1, pp. 5-7).[2]

Defendants assert that Plaintiff has not established an Eighth Amendment violation. Defendants also assert that Plaintiff's claims for injunctive relief are moot. Finally, Defendants assert that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(g).

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require

---

[2] Plaintiff has had surgery to repair his hernia since the original filing of his Complaint. (See Doc. No. 85, p. 4).

2

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff alleges that Defendants denied him surgery to repair his hernia until after he filed this cause of action, which resulted in the unnecessary and wanton infliction of pain. Plaintiff asserts that he has medical evidence which verifies that Defendants delayed providing treatment to him. Plaintiff avers that he was experiencing "excruciating pain in his abdomen and in his testicle," (Doc. No. 57, p. 6), and he kept complaining about his pain and requesting to have surgery performed, which was denied. Plaintiff contends that Defendants failed to act upon their knowledge of a

AO 72A
(Rev. 8/82)

substantial risk of serious harm to his health, as a non-reducible hernia can present a life-threatening condition.

Defendants assert that Defendant Edgy saw Plaintiff on September 10, 2007, and his complaints included his hernia. Defendants also assert that medical staff "continued to see the Plaintiff and follow him for treatment of his hernia." (Doc. No. 63, p. 2). Defendants state that Defendant Harden saw Plaintiff for the first time on January 11, 2008, at which time Plaintiff's hernia was "non-strangulated and posed no risk of harm" to Plaintiff. (Id.). Defendants also state that Plaintiff was non-compliant with his prescribed course of treatment at that time because he was not wearing his truss.[3] Defendants contend that Defendant Harden referred Plaintiff's request for surgery to the prison's Utilization Committee due to Plaintiff's complaints of pain. Defendants aver that Defendant Harden saw Plaintiff on February 21, 2008, and told him his request for surgery was approved. Defendants assert that Plaintiff had surgery on March 12, 2008. Defendants also assert that Plaintiff's hernia was not life-threatening and did not pose a risk of harm to his health, and that waiting for a hernia to become strangulated before surgery "is a commonly accepted practice within the medical field and does not violate any standard of care owed" to Plaintiff. (Id. at 3).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs

---

[3] "A device designed to apply pressure to a hernia to stop it from enlarging or protruding." Encarta Dictionary (Microsoft Word 2007 version).

4

of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant[s'] wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Goebert, 510 F.3d at 1327. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1)

the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Blanchard v. White Co. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008).

In support of their position, Defendants submitted the Affidavit of Charles Harden[4], one of the named Defendants and the Medical Director at D. Ray James Prison. Defendant Harden declares that he reviewed Plaintiff's medical records to assist in making his Affidavit.[5] Defendant Harden also declares that he first saw Plaintiff on January 11, 2008, and Plaintiff's hernia was "non-strangulated and posed no risk of harm to the Plaintiff." (Doc. No. 61-2, p. 2). Defendant Harden further declares that Plaintiff was not wearing his truss at that time and was, thus, non-compliant with his prescribed course of treatment. Defendant Harden avers that he referred Plaintiff's request for surgery to the prison's Utilization Committee, which is comprised of medical personnel who evaluate inmates' requests for elective surgical procedures. Defendant Harden states that he told Plaintiff on February 21, 2008, that his request for surgery was approved, and Plaintiff had surgery to repair his hernia on March 12, 2008. Defendant Harden declares that Plaintiff's hernia was non-strangulated and "never posed a risk of harm" to Plaintiff and that waiting for a hernia to become strangulated before operating "is a commonly accepted practice within the medical field and does not violate any standard of care" Defendants owed Plaintiff. (Id. at 3).

---

[4] Defendants submitted a Statement of Material Facts, which is essentially a restatement of Defendants' position, but which, nevertheless, is required for summary judgment purposes. (Doc. No. 61-4).

[5] Defendants inexplicably failed to submit copies of Plaintiff's medical records. "If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." FED. R. CIV. P. 56(e)(1). Accordingly, the undersigned credits only those portions of Defendant Harden's Affidavit which appear to be based on his personal knowledge.

6

While Defendants' supporting documentation is sparse, Plaintiff, in contrast, presents *no* evidence whatsoever which reveals that he had a serious medical need and that Defendants were deliberately indifferent to that serious medical need. The undersigned notes Plaintiff's reliance on the Eleventh Circuit's finding that he met the imminent danger requirement of section 1915(g) to proceed past the initial screening process, as well as this Court's Order directing service of Plaintiff's Complaint upon Defendants. However, the Eleventh Circuit's opinion merely permitted Plaintiff to proceed with his cause of action without paying the requisite filing fee in full before he was allowed to proceed past the initial stage of this litigation. In addition, the undersigned's service Order directed service of Plaintiff's Complaint based on his "arguably" "colorable claim for relief" against Defendants. (Doc. No. 35, p. 5). The undersigned's Order does not stand for the proposition that Plaintiff's case will proceed no matter what transpired during the course of this litigation, particularly in light of Defendants submittal of an Affidavit and a Statement of Material Facts in support of their position. (*Id.* at 9). Plaintiff has failed to meet his burden of establishing the existence of a genuine issue of material fact that Defendants were deliberately indifferent to his serious medical need by delaying treatment for his hernia. The evidence before the Court reveals that Plaintiff's hernia was non-strangulated and did not require surgery at that time, yet his surgery was performed within six (6) months of his initial request. There is no evidence before the Court that any perceived delay in providing the treatment Plaintiff requested worsened his condition. Moreover, there is no evidence that suggests anything more than Plaintiff disagreed with the course of

7

treatment Defendants provided. This is insufficient to sustain a cause of action filed pursuant to section 1983 and the Eighth Amendment.

It is unnecessary to address the remaining grounds of Defendants' Cross-Motion for Summary Judgment.[6]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED** and that Defendants' Cross-Motion for Summary Judgment be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**.

**SO ORDERED**, this 18th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[6] The undersigned wishes to address one of Defendants' contentions—that Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff received his requested surgery while his appeal was pending and was no longer in imminent danger. (Doc. No. 63, p. 7). Defendants' contention overlooks applicable case law, which requires a prisoner who has accumulated three (3) or more "strikes" to establish that he was in imminent danger *at the time he filed his cause of action*. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).